UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WADE A. HALLETT,

        Plaintiff,

        v.                              USDC Case No. 20-C-1060

PHILIP BREHM, et al.,               USCA Case No. 20-2609

        Defendants.

## ORDER

The *pro se* plaintiff brought a civil action in this court under 42 U.S.C. § 1983, alleging violations of his constitutional rights. On August 4, 2020, the court screened the complaint and dismissed the action, finding that the plaintiff could not maintain a § 1983 suit against his attorneys or their law firms and that the court lacked subject matter jurisdiction over the plaintiff's state law claims. The plaintiff appealed, and currently before the court is the plaintiff's motion for relief from judgment and motion to proceed *in forma pauperis* on appeal.

The plaintiff has moved for relief from judgment. "A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Nw. Med. Faculty Found.*, 273 F.3d 757, 762 (7th Cir. 2001). Those six grounds for relief include:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[R]elief from judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (citation omitted).

The plaintiff fails to provide the specific grounds under Rule 60 upon which he seeks to alter the judgment. Even if the court were to consider his motion under Rule 60(b)'s "catch all" provision, *see* Fed. R. Civ. P. 60(b)(6), the plaintiff presents no exceptional circumstances warranting relief from judgment. The plaintiff asserts that the judgment should be vacated because he mistakenly filed this action in the wrong venue. Although venue does not properly lie in this district, improper venue does not divest the court of subject matter jurisdiction over the plaintiff's claims. By filing the lawsuit in this district, the plaintiff may have waived any challenge to venue. The purpose of the federal venue statute is to protect the defendants, not the plaintiff, from a potentially unfavorable venue. *See Leroy v. Great Western United Corp.*, 443 U.S. 174, 183–84 (1979). Accordingly, the plaintiff's motion for relief from judgment is denied.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The Seventh Circuit has held that "good faith" for purposes of § 1915 is the common "legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in a frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition.

After reviewing the plaintiff's claims in light of *Lee*, the court concludes that the plaintiff's appeal should be certified as not having been taken in good faith because no reasonable person could conclude that the claims advanced by the plaintiff have any merit. Thus, the plaintiff's request to proceed *in forma pauperis* on appeal is denied. The plaintiff must pay the full filing fee of $505.00 within 14 days of this order. Failure to pay in full within the time limits will result in a dismissal.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for relief from judgment (Dkt. No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Dkt. No. 14) is **DENIED** because the court certifies that such appeal has been taken in **BAD FAITH**.

**IT IS FURTHER ORDERED** that, within 14 days of the date of this order, the plaintiff shall forward to the Clerk of Court the sum of $505.00 as the full filing fee in this appeal. The plaintiff's failure to comply with this order will result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action. If the plaintiff wishes to contest this court's ruling, he must renew his motion to proceed *in forma pauperis* with the Court of Appeals within 30 days after service of this order. Fed. R. App. P. 24(a).

**IT IS FURTHER ORDERED** that the Clerk send a copy of this order to the Seventh Circuit Court of Appeals.

Dated at Green Bay, Wisconsin this 27th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge